UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GREENSTONE FARM CREDIT
SERVICES, ACA, et al.

        Plaintiff,

 v.                                          Case No. 10-C-1175

GARY ORT, et al.,

        Defendants.

---

**ORDER IMPOSING SANCTIONS**

---

      The parties came before the Court for a hearing on Plaintiffs' fifth motion to compel and for sanctions. This was the fourth time in the last year that the Court held a hearing on discovery issues. Plaintiffs' current motion is based upon a litany of allegations of stonewalling, foot-dragging and outright lying on the part of the Defendants, particularly Gary Ort.

      I will not attempt to recite all of the alleged infractions; a few key episodes will suffice. First, Plaintiffs allege that Ort fraudulently conveyed a $750,000 promissory note, which he had previously assigned to Plaintiffs, to a business partner for the sum of only $60,000. When asked, Ort stated that he would be able to provide documentation of this transaction. (Clarkowski Decl., Ex. O at 127.) No documentation has been provided of the sale, however. Plaintiffs assert that this is a classic fraudulent conveyance: a phony sale to a related party for below-market consideration. In Plaintiffs' view, which is a reasonable one, it defies reason to think that the sale of such a high-value instrument would not generate any relevant paperwork. Thus, either there is truly no

documentation, in which case the transaction was likely a ruse, or there *is* documentation, in which case Ort's refusal to provide any meaningful documents is sanctionable.

Similarly, Ort was unable or unwilling to provide documentation that explained why he had received some $135,000 in "loan repayments" from a company called Northern Premium Hardwoods (NPH), which is owned by longtime friend Timothy Flaherty. He did not have any details about how much the loans were for or their terms. Flaherty testified, however, that the company had made *no* loans to Ort and that the amounts received were "consulting" fees Ort earned on a monthly basis. (Clarkowski Decl., Ex. U. at 89, 82.) This consulting arrangement was not reduced to writing until soon before Flaherty's deposition. (*Id.* at 79.) The business arrangement among the parties becomes stranger still: not only did NPH not loan any money to Ort, Flaherty testified that at one point Ort's wife Cynthia loaned *his* company $200,000. Even more unusually, NPH paid Cynthia Ort some $6,000 per month for "office space," a figure that is roughly four times what the mortgage on an *entire* house in New London would cost. (There was no suggestion that the Orts live in an unusually large home or that the office space was extensive or luxurious.) This office space was located at Cynthia and Gary Ort's home in New London, Wisconsin, some 150 miles away from the Racine-based NPH. The only things stored in this expensive "office" were various unspecified invoices of NPH. (*Id.* at 86.) Plaintiffs have set forth a number of other transactions between these parties, none of which are documented.

Plaintiffs assert that NPH is being used to shield assets through a number of undocumented oral arrangements like those described above, and these could merely be the tip of the proverbial iceberg. More important to their motion for sanctions, they allege that Ort has repeatedly lied about his relationship with NPH. One day he would say he received a given amount from NPH as

2

"commissions" or for "consulting," and another day he would testify that the money he received (which would be a different total) was for repayments of undocumented loans. His inability or unwillingness to provide documentation of the kinds of transactions that almost certainly *would* have documentation is cause for sanctions. If nothing else, it suggests that Plaintiffs' assertion that Ort engaged in fraudulent conveyances is meritorious. Equally troubling is Ort's inability or unwillingness to provide meaningful documentation (nothing more than a couple of unsigned affidavits) about the supposed sale of the $750,000 promissory note. In addition, Ort has testified that he transferred assets to a trust, but has not provided any documentation about these transfers or the trust's assets.

A final issue is emblematic of these discovery disputes. After the last discovery dispute, this Court ordered Ort to pay a modest sum of $862 to compensate the Plaintiffs for filing the last motion. The sanction was due in January, but Ort failed to pay the sanction until the last business day before the March 5 hearing. No explanation was provided for the delay, and no one has suggested that Ort lacked the ability to pay it. Plaintiffs credibly suggest that the delay was an intentional gambit on Ort's part to signal that he simply would not comply in good faith either with their discovery requests or orders from this Court.

The above are merely the highlights. Most telling is that Ort has essentially conceded the above by failing to offer much of a defense for his conduct at all. Given the chance to explain why his testimony changed repeatedly, or why there was no documentation provided for very large transactions that allegedly occurred, he failed to articulate any reason or offer anything that even remotely clarified things. Instead, his attorney left most of the above unexplained except for curt and unsatisfactory assurances that some documents had been provided.

3

In sum, this case has all the earmarks of fraud, and the stonewalling approach to discovery (which is not surprising if the underlying allegations are true) justifies entry of judgment as a sanction. We have undocumented and unexplained loans for large sums among parties at less than arms' length; consulting fees or commissions whose character differs based upon who is testifying; mysterious, unusually large payments for "office space" in a personal residence in a remote location; family trusts; sales of notes at markedly less than face value with no documentation; and even possible bank accounts in the Cayman islands, where Ort denied visiting but later admitted he had visited as recently as 2008. Finally, despite being sanctioned three times already, Ort waited until the business day before the hearing before paying the relatively modest sanction already imposed, a sanction that was due in January. Ort was previously warned that future discovery misconduct could result in entry of judgment as a sanction, and I see no reason to forestall doing so.

This is not a case where the sanction of judgment is related only to discovery abuses that have little to do with the substance of the action. Instead, the discovery abuses detailed here and in Plaintiffs' briefs dovetail with the underlying allegations themselves: if there were fraudulent conveyances going on, it makes sense that there would be little documentation of the transactions and that stories about their substance would change over time and could depend on who was asked. It also makes sense that the parties involved in the alleged transactions would refuse to turn over documents, because such documents likely do not even exist. For that reason and the reasons set forth above, and in earlier orders, I conclude that the sanction of an adverse judgment is appropriate as to the claims alleged against Ort in the original complaint.

I am, however, unable to conclude that a sanction should be entered against Cynthia Ort. At its essence, there is a factual dispute as to whether she has been plagued by mental health issues

4

(resulting in several breakdowns during her deposition) or whether that behavior was simply another component of the deceptive and obstructive approach taken by her husband in this action. The motion hearing did not provide adequate opportunity to consider that issue. Accordingly, the motion will be denied with respect to Cynthia Ort.

For the reasons given above, the motion to compel and for sanctions is **GRANTED** with respect to Defendant Gary Ort. Defendant Gary Ort's answer is hereby stricken and default judgment will be entered against Ort as to all claims asserted against him in the original complaint pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi), leaving only the amount of damages to be determined. Ort is ordered to comply with the Plaintiffs' outstanding discovery requests, with the possibility of further sanctions should he fail to do so. The motion is **DENIED** with respect to Defendant Cynthia Ort. The Clerk is directed to set this matter on the Court's calendar for a Rule 16 telephone conference to address further scheduling.

**SO ORDERED** this ___9th___ day of March, 2012.

                                                   s/ William C. Griesbach
                                                   William C. Griesbach
                                                   United States District Judge