# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GREENSTONE FARM CREDIT SERVICES, ACA, et al.

        Plaintiff,

v.                                                                                         Case No. 10-C-1175

GARY ORT, et al.,

        Defendants.

## ORDER REQUESTING FURTHER BRIEFING

The parties appeared for a hearing on damages following this Court's finding of a default judgment against Defendant Gary Ort. Specifically, the purpose of the hearing was to establish the amount of damages due to fraud, in anticipation of the possibility that Ort might file for bankruptcy. Although I have considered the arguments and evidence provided by both sides, I am unable to issue a ruling at this time because in my view a preliminary question needs more exploration.

The Plaintiff's theory of fraud is that Ort, in several ways, stripped assets (specifically cash) from his companies and used them for personal enrichment. The Plaintiff believes it has a security interest in those assets. As such, pursuant to the governing notes, Ort had no right to impair or disburse the Plaintiff's security interests. Doing so was fraud. Although that theory is ostensibly solid (and perhaps it is actually solid), it is not clear from the agreements themselves (attached as exhibits to the amended complaint) which provision or provisions Ort might have violated. Specifically, Plaintiff has not explained which provision in the notes grants the Bank a security interest in the actual funds it lent or, more generally, the borrowing companies' cash. The

agreements define "collateral" as all existing security agreements plus a mortgage on real property of the same date. It is not clear how any of the property defined as "collateral" is harmed in this case. It is possible, of course, that the Bank has other security agreements in the companies' assets that are not part of the record.

In essence, the Bank's objection is that it loaned companies money so that those companies could use the funds in their ongoing operations. It wasn't making a *personal* loan to Ort. And so when he simply took the money (through various ruses) for himself, it was defrauded. This is a fine theory, but I am not yet satisfied that the Bank has linked Ort's activities to a violation of any specific provision of the agreement between them. Is it simply *implicit* that when a bank loans a company money, the money won't be frittered away for the CEO's own personal uses? If so, is that fraud? Or is there a provision in the notes or other agreements that treats the company's funds as the Bank's collateral, such that when Ort made various transfers to himself he was, in fact, disbursing the Bank's collateral?

In the hope of answering these questions, Plaintiff is directed to file, by August 10, a short brief addressing these concerns. Defendant Ort may file a response by August 17.

**SO ORDERED** this    2nd    day of August, 2012.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge